UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Harold Smith**, # 83499-071, | ) | **C/A No. 6:06-3612-HFF-WMC** |
| | ) | [*formerly* C/A No. 1:06-181 (S.D.Ga.)] |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| **Frederick A. Abrahamian**, Director of Federal | ) | |
| Records Center, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

# *Background of this Case*

This is a mandamus action against the Director of the Federal Records Center purportedly under the Freedom of Information Act (FOIA) by a federal prisoner.  The above-captioned case was transferred to the United States District Court for the District of South Carolina by Order of the Honorable Dudley H. Bowen, United States District Judge, from the United States District Court for the Southern District of Georgia.  In the event that a limitations issue arises, the petitioner shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266, 270-276, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988)(prisoner's pleading was filed at moment of delivery to prison

1

authorities for forwarding to District Court).  Under Local Civil Rule 73.02(B), pretrial proceedings in this action have been automatically referred to the undersigned United States Magistrate Judge.

The petitioner, Harold Smith, was convicted of armed bank robbery in this court and sentenced on October 30, 1985, to a term of twenty-three (23) years of imprisonment.  *See* United States v. Smith, 85-166-GRA (D.S.C. 1985), *affirmed*, 800 F.2d 261 (4th Cir.. September 10, 1986)[Table].  Over the ensuing twenty-one years, the petitioner has filed repetitive § 2255 motions and other motions attacking his conviction.

The petitioner is under a pre-filing injunction entered by the Honorable G. Ross Anderson, Jr., United States District Judge, in Harold Smith v. United States, Civil Action No. 6:02-2456-GRA-WMC, on January 15, 2003.  *See* Order (Entry No. 17) in Civil Action No. 6:02-2456-GRA-WMC, which directed that "Harold Smith, Jr., *aka* Jahru Harold Smith be enjoined from filing further actions pursuant to 28 U.S.C. section 2255, or construed as encompassed in 28 U.S.C. section 2255, unless he first obtains a certificate of appealability from the United States Court of Appeals for the Fourth Circuit."  The petitioner filed a Notice of Appeal on April 14, 2003.  Judge Anderson's Order in Civil Action No. 6:02-2456-GRA-WMC was upheld by the United States Court of

Appeals for the Fourth Circuit when it dismissed the petitioner's untimely appeal. *See* <u>Harold Smith v. United States</u>, 73 Fed.Appx. 638, 639, 2003 U.S.App. LEXIS® 18263 (4th Cir., September 4, 2003).

In the petition, the petitioner alleges or contends: **(1)** the petitioner claims to be "actually and factually innocent" concerning his conviction in Criminal No. 85-166-02 and "seeks unredacted sentence/trial testimony transcript records to prove his case of controversy[;]" **(2)** the records in the possession of Mr. Abrahamian "may exonerate" the petitioner; **(3)** although the petitioner, on numerous occasions, has sought the records from the United States District Court for the District of South Carolina and the National Archives and Records administration, the petitioner is being "deprive[d]" of those records by "both responsible entities[;]" **(4)** the respondent "refuses to comply with the nature of Petitioner [<u>sic</u>] request to be provide [<u>sic</u>] copies of these specific records or confirm whether the records exist that are being sought[;]" **(5)** the petitioner's has exhausted his administrative remedies, as shown in petitioner's attachment No. 1; and **(6)** the respondent is in violation of the Freedom of Information Act and Privacy Act.  In his prayer for relief the petitioner seeks expedited process; *in forma pauperis* status; a declaration that the acts and omissions described in the petition have violated the

Freedom of Information Act and the Privacy Act; a writ of mandamus compelling the respondent to provide the petitioner confirmation that the records exist and to provide to the petition the "whole copies unredacted[;]" costs in this case; and additional and other relief deemed proper and lawful by this court.

# *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en*

---

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

banc), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the petition for writ of mandamus is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The Order of Transfer from the United States District Court for the Southern District of Georgia indicates that the case was transferred here because the United States District Court for the District of South Carolina is the custodian of the petitioner's criminal case records (Entry No. 1). Although the petitioner appears to have exhausted his administrative remedies, the above-captioned case is subject to summary dismissal because a federal court is **not** subject to the federal Freedom of Information Act. *See* United States v. Miramontez, 995 F.2d 56, 59 n. 3, 1993 U.S.App. LEXIS® 15464 (5th Cir. 1993)("Even if Miramontez were asserting the FOIA as grounds for disclosure, he would not prevail. The FOIA directs agencies of the federal government to make certain information available to the public. 5 U.S.C. §§ 552. Federal courts, however, are expressly excluded from the definition of 'agency' for purposes of FOIA disclosure requirements. 5 U.S.C. § 551(1)(B)."). *See also* Warth v. Department of Justice, 595 F.2d 521, 523, 50 A.L.R.Fed. 331 (9th Cir. 1979)("Courts are exempt from the FOIA's disclosure requirements in order to assure that the Act would not impinge upon the court's authority to control the dissemination of its documents to the

public."); and <u>United States v. Charmer Industries, Inc.</u>, 711 F.2d 1164, 1983 U.S.App. LEXIS® 26295 (2nd Cir. 1983), where the Court denied release of a pre-sentence report to a third party:

> As a court document, the presentence report is not within the purview of either the Freedom of Information Act, 5 U.S.C. § 552 (1976 & Supp. V 1981), or the Privacy Act, 5 U.S.C. § 552a (1976 & Supp. V 1981), notwithstanding its use or retention by agencies such as the Bureau of Prisons and the Parole Commission. *See FDIC v. Ernst & Ernst*, 677 F.2d 230 (2d Cir. 1982); *Cook v. Willingham*, 400 F.2d 885 (10th Cir. 1968); AO Presentence Monograph at 27-28 & n. 3.

<u>United States v. Charmer Industries, Inc.</u>, <u>supra</u>, 711 F.2d at 1170 n. 6.

Longstanding circuit precedents have provided that a prisoner who requests free copies of records in his or her criminal case, whether it is a state case or a federal case, must show a particularized need for such records. <u>Jones v. Superintendent, Virginia State Farm</u>, 460 F.2d 150, 152-153 & nn. 3-4 (4th Cir. 1972), *adhered to*, 465 F.2d 1091, 1092-1096 (4th Cir. 1972)(denying rehearing *en banc*), *cert. denied*, 410 U.S. 944 (1973). ***A state or federal prisoner does not have the right to request free transcripts so that he or she can search the record of conviction to find possible flaws.*** *See* <u>United States v. Glass</u>, 317 F.2d 200, 202 (4th Cir. 1963)("An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw."); and

United States v. Shoaf, 341 F.2d 832, 833-836 & nn. 1-6 (4th Cir. 1964)(reaffirming Glass).   *Cf.* United States v. MacCollum, 426 U.S. 317 (1975)(indigent prisoner not entitled to free transcript to aid him or her in preparing a petition for collateral review).  The United States District Court for the District of South Carolina has also applied those precedents in cases where state prisoners have sought orders from this court to direct courts of the State of South Carolina to provide them free transcripts.  *See*, *e.g.*, Ham v. Leeke, 459 F. Supp. 459, 462-463 & n. 11 (D.S.C. 1978), *appeal dismissed*, 586 F.2d 837 (4th Cir. 1978)[Table].

This district court is aware that federal prisoners convicted in the Seventh Judicial Circuit are allowed to obtain copies from closed criminal files.  *See* the decision of the United States Court of Appeals for the Seventh Circuit in Rush v. United States, 559 F.2d 455 (7th Cir. 1977).  Rush v. United States is not the law in the Fourth Judicial Circuit.  Hence, the United States District Court for the District of South Carolina is bound by the decisions of the United States Court of Appeals for the Fourth Circuit in United States v. Glass and United States v. Shoaf, supra.  *See also* Askew v. United States, 2006 U.S. Dist. LEXIS® 82776, 2006 WESTLAW® 3307469, *9 (E.D.Ky., November 13,

2006)("The plaintiff cannot use a FOIA action to collaterally challenge a criminal conviction.").

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The petitioner's attention is directed to the Notice on the next page.

January 19, 2007                    s/William M. Catoe
Greenville, South Carolina          United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).